■ In the Matter of EDWARD E. HANLEY, Petitioner, v. DON J. WICKHAM, as Commissioner of the Department of Agriculture and Markets, Respondent.—HERLIHY, J. Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of the Department of Agriculture and Markets of the State of New York, which dismissed petitioner from service as an employee of the Department of Agriculture and Markets. The petitioner was charged with violating various provisions of section 74 of the Public Officers Law in connection with his duties as an Inspector of the Department of Agriculture and Markets. There was ample proof at the hearing as to the specifications of misconduct to support the finding of the respondent that the petitioner was guilty of all charges. Prior to or at the commencement of the hearing, the hearing officer (not on the record) directed the witnesses to

wait outside the hearing room. The first witness called was permitted to have his personal attorney in attendance. The petitioner objected to the presence of such counsel and upon advice of his attorney left the hearing room and did not participate in the hearing. Upon the present record it was not arbitrary and capricious on the part of the hearing officer to permit the counsel for the witness to remain in the hearing room. The petitioner shows no prejudice to him and it is unlikely that such a procedure could result in prejudice to an accused. The objection of petitioner on this point was and is without merit. The petitioner was employed by the State as a milk and food inspector on May 1, 1947 and had served as such for some 21 years. The petitioner had previously been disciplined in September of 1961 for falsification of reports and records. The nature of petitioner's misconduct is serious since it involved using the power of his position for his own benefit at the expense of store owners and insurance companies and failing to take proper steps to destroy condemned food which could be dangerous to the health if consumed. We cannot say that his dismissal was not a proportionate and rational punishment in relation to his misconduct, or excessive as a matter of law. (See *Matter of Hess* v. *Town of Vestal*, 30 A D 2d 599.) Determination confirmed, without costs, and petition dismissed. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Herlihy, J.